In the Matter of the Compensation of
Donald E. Lowry, Claimant.

LOWRY,
*Petitioner,*

*v.*

DU LOG, INC., et al,
*Respondents.*

(87-01224; CA A50750)

782 P2d 454

James L. Edmunson, Eugene, argued the cause for petitioner. On the brief were Jon C. Correll and Malagon, Moore & Johnson, Eugene.

David O. Wilson, Employers Defense Counsel, Eugene, argued the cause for respondents. With him on the brief were Phillip Nyburg, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board determining that his benefits for temporary disability should be calculated pursuant to *former* OAR 436-60-020.

The Board found that claimant was paid for the number of hours that he actually worked, that, at the time he was injured, he had been working for employer for over four months, five to six days per week, averaging more than nine hours per day, and that employer expected him to be available for full-time work. There is substantial evidence to support those findings.

Employer initially paid claimant time loss benefits for his injury at a rate of $285.01 per week, calculated pursuant to ORS 656.210(2)(a)(C):

"For the purpose of this section, the weekly wage of workers shall be ascertained by multiplying the daily wage the worker was receiving:

"* * * * *

"(C) By 5, if the worker was regularly employed five days a week."

Claimant complained that that rate of benefits was too low, in that it did not reflect his overtime wages. Employer then recalculated claimant's benefits by averaging his wages pursuant to *former* OAR 436-60-020, which provided, in part:

"(4) The rate of compensation for workers employed with unscheduled, irregular or no earnings shall be computed on the wages determined in the following manner:

"(a) Employed on call basis: Use average weekly earnings for past 26 weeks, if available, unless periods of extended gaps exist, then use no less than last 4 weeks of employment to arrive at average. For workers employed less than 4 weeks, or where extended gaps exist within the 4 weeks, use intent at time of hire as confirmed by employer and worker.

"* * * * *

"(c) Employed varying hours, shifts or wages: Use average as in subsection (a).

"* * * * *

"(i)    Employed with overtime: Overtime shall be considered only when worked on a regular basis. Overtime earnings shall be considered at the overtime rate rather than straight time."

That calculation resulted in weekly benefits of $264.17. Claimant now contends that his weekly wage should be calculated pursuant to ORS 656.210(2) and not under the administrative rule.

Employer concedes that claimant was "regularly employed," as that term is defined and used in ORS 656.210(2)(c):

"As used in this subsection, 'regularly employed' means actual employment or availability for such employment. For workers not regularly employed *and for workers with no remuneration or whose remuneration is not based solely upon daily or weekly wages, the director, by rule, may prescribe methods for establishing the worker's weekly wage.*" (Emphasis supplied.)

It argues, however, that because claimant was paid by the hour, rather than by the day or week, his benefits are properly computed pursuant to *former* OAR 436-60-020, based on the actual hours he worked. Claimant does not challenge employer's computation under the rule. He contends only that, under ORS 656.210(2)(c), a worker is either "regularly employed" and gets benefits calculated pursuant to ORS 656.210, or is one whose remuneration is not based solely on daily or weekly wages and whose benefits are calculated pursuant to the rule, but cannot be both. We agree with the Board. The statute provides that one who is "regularly employed" may also be one who is paid on other than a daily or weekly basis. In such a circumstance, the statute authorizes the director to prescribe the method of establishing the worker's weekly wage. The director has done that, and claimant's benefits were properly calculated under *former* OAR 436-60-020.

Affirmed.